# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

DAVID NETHERLAND,                                    Case No. 1:15-cv-669
     Petitioner,

                                      Barrett, J.
     vs.                                            Bowman, M.J.

WARDEN, CHILLICOTHE                          **REPORT AND**
CORRECTIONAL INSTITUTION,                **RECOMMENDATION**
     Respondent.

Petitioner, an inmate at Chillicothe Correctional Institution in Chillicothe, Ohio,

commenced this habeas corpus action when he submitted his *pro se* petition pursuant to 28

U.S.C. § 2254 to the prison mail room for delivery to this Court on September 28, 2015.[1]  In the

petition, which was stamped as "filed" on October 13, 2015, petitioner challenges his 1997

conviction and prison sentence on one count of rape and two counts of sexual battery in

Hamilton County Court of Common Pleas Case No. B-9609715.  (*See* Doc. 1, at PAGEID#: 12).

This matter is now before the Court on the respondent's motion to transfer the petition to the

United States Court of Appeals for the Sixth Circuit because it is a successive petition within the

meaning of 28 U.S.C. § 2244(b), which this Court lacks jurisdiction to consider without prior

circuit court authorization.  (Doc. 5).  Although petitioner was granted two extensions of time in

which to file a memorandum in response to respondent's motion (*see* Docs. 6, 7), he never

---

[1] It is well-settled that the filing date of a federal habeas corpus petition submitted by a *pro se* prisoner is the date on which the prisoner provides his papers to prison authorities for mailing.  *See Houston v. Lack,* 487 U.S. 266 (1988); *see also Miller v. Collins,* 305 F.3d 491, 497-98 (6th Cir. 2002); *Goins v. Saunders,* 206 F. App'x 497, 499 n.1 (6th Cir. 2006).  Because petitioner has declared "under penalty of perjury" in the petition that he placed his habeas corpus petition in the prison mailing system for delivery to the Court on September 28, 2015 (*see* Doc. 1, at PAGEID#: 27), it is presumed that the instant action commenced on that date.

responded to the motion, and the March 16, 2016 deadline for doing so has long since passed.  It, therefore, appears that respondent's motion is now ripe for adjudication.

## I.  BACKGROUND

### State Trial And Appeal Proceedings

It appears from the present record that the indictment resulting in petitioner's challenged conviction and sentence was "based on allegations of certain sexual misconduct committed by the petitioner, a licensed foster parent, against a girl . . . placed by the Butler County Department of Children's Services in petitioner's home"; the girl "lived with petitioner and his wife for three years from October 29, 1993 until October 22, 1996, when she was 13 to 16 years of age."  (*See* Doc. 5, Ex. 3, pp. 1-2, at PAGEID#: 151-52).  Petitioner was convicted of the one rape offense and two sexual battery offenses following a jury trial.  (*See id.*, p. 2, at PAGEID#: 152).  He was sentenced in December 1997 to an aggregate prison term of nine (9) to twenty-five (25) years. (*See id.*; *see also* Doc. 1, at PAGEID#: 12).

With the assistance of counsel, petitioner timely appealed to the Ohio Court of Appeals, First Appellate District, which issued a decision affirming the trial court's judgment on February 8, 1999.  (*See* Doc. 5, Ex. 3, pp. 2-4, at PAGEID#: 152-54).  Petitioner's counsel pursued a further appeal on petitioner's behalf to the Ohio Supreme Court.  (*See id.*, p. 4, at PAGEID#: 154).  On June 2, 1999, the Ohio Supreme Court denied petitioner leave to appeal and dismissed the appeal "as not involving any substantial constitutional question."  (*See id.*).

### Prior Federal Habeas Petition

Assisted by the same attorney who had represented him in the state appeal proceedings, petitioner filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 with this Court in May

2000.  (*See* Doc. 5, Ex. 1).  In the petition, which was filed in the case entitled *David Netherland v. Gary Mohr*, Case No. 1:00-cv-427 (Beckwith, J.; Sherman, M.J.), petitioner presented eight grounds for relief.  (*See id.* & Ex. 3, pp. 4-6, at PAGEID#: 154-56).  Specifically, petitioner alleged that (1) he was denied his right to confront witnesses against him when the trial court prohibited him from cross-examining State witnesses about the victim's "prior unsubstantiated allegations of sexual misconduct made against other persons"; (2) he was denied his right to present a defense or confront witnesses against him when the trial court prevented him from introducing "extrinsic evidence" of the victim's "prior false accusations of sexual misconduct . . . against another man"; (3) he was denied fair trial by the admission of "other acts" evidence; (4) he was denied a fair trial when a State witness "vouched for the credibility of the alleged victim"; (5) he was denied a fair trial when a State witness "testified to the typicality of the case"; (6) the evidence was insufficient to support his rape conviction; (7) his trial counsel provided ineffective assistance; and (8) the jury's verdicts of guilt on the one rape count and two sexual battery charges were not supported by sufficient evidence and were against the manifest weight of the evidence.  (*Id.*, Ex. 1, at PAGEID#: 48-50).

On September 30, 2002, the Magistrate Judge issued a Report and Recommendation to deny the petition with prejudice after addressing the merits of each of petitioner's grounds for relief.  (*See id.*, Ex. 3).  On September 14, 2003, the District Court overruled petitioner's objections to the Report and Recommendation, adopted the Report and Recommendation, and entered final judgment denying the petition for habeas corpus relief with prejudice and closing the case.  (*See id.,* Exs. 4-5).

It appears from the District Court's docket records that petitioner did not pursue an

3

appeal from the District Court's September 14, 2003 final judgment entry to the Sixth Circuit. (*See id.,* Ex. 6).

### State Proceedings:  2013 "Motion To Correct Sentence"

Upon review of the Hamilton County Clerk of Courts' online docket records for the underlying criminal case (No. B-9609715), it appears that on March 21, 2013, nearly fourteen years after petitioner's conviction and sentence became final by the conclusion of the state direct review proceedings and nearly ten years after his first federal habeas petition was denied, petitioner filed a *pro se* "Motion To Correct Sentence" with the Hamilton County Common Pleas Court.  In that motion, petitioner claimed that his trial counsel was ineffective because he had advised petitioner to reject a plea offer that included a "definite ten year term of imprisonment" based on the assurance that petitioner would not receive any prison sentence due to "the lack of material evidence and the credibility of the victim."  The trial court denied petitioner's motion without opinion on May 6, 2013.

On December 16, 2013, petitioner filed a notice of appeal and motion for leave to file a delayed appeal to the Ohio Court of Appeals, First Appellate District, in an appeal numbered C-1300829.  The Hamilton County Clerk of Courts' online docket records for that appeal reflect that although petitioner was granted leave to file the delayed appeal, the state appellate court ultimately issued a decision on February 13, 2015 affirming the trial court's judgment on the modified ground that "the common pleas court had no jurisdiction to entertain [petitioner's] motion," which should have been dismissed as an untimely petition for post-conviction relief under Ohio Rev. Code § 2953.21 that failed to "satisfy the jurisdictional requirements for an untimely claim" set forth in Ohio Rev. Code § 2953.23.  Petitioner filed a motion for

4

reconsideration, which was denied by the Ohio Court of Appeals on March 25, 2015.

Thereafter, petitioner pursued an appeal to the Ohio Supreme Court in a case numbered 2015-0752. On August 26, 2015, the Ohio Supreme Court declined to accept jurisdiction of the appeal.

### Current Federal Habeas Petition

A month after the Ohio Supreme Court issued its decision in the state post-conviction matter, petitioner filed the instant *pro se* habeas petition. (*See* Doc. 1). In the petition, petitioner alleges as the sole ground relief that, as he had claimed in his "Motion To Correct Sentence," his trial counsel provided ineffective assistance by advising him to reject the State's plea offer. (*See id.*, at PAGEID#: 17). Petitioner avers that "[t]his reliance upon counsel to not accept the offer of ten years resulted in a prejudicial sentence of 9 to 25 years." (*Id.*).

## II. OPINION

### Respondent's Motion To Transfer The Instant Habeas Petition To The Sixth Circuit (Doc. 5) Should Be Granted Because The Petition Is Successive Under 28 U.S.C. § 2244(b)

Pursuant to 28 U.S.C. § 2244(b)(1), the federal district court must dismiss a claim presented in a second or successive habeas corpus petition that was raised in a prior petition. In addition, the court must dismiss a claim presented in a second or successive petition, which the petitioner did not include in the prior petition, unless: (1)(a) petitioner shows the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or (b) the factual basis for the claim could not have been discovered previously through the exercise of due diligence; **and** (2) the facts would be sufficient to establish by clear and convincing evidence that, but for constitutional

5

error, no reasonable fact-finder would have found the petitioner guilty of the underlying offense. 28 U.S.C. § 2244(b)(2).

Before the district court may consider a successive petition, the petitioner must first request and obtain authorization for such consideration from the court of appeals.  28 U.S.C. § 2244(b)(3).  The court of appeals may authorize the district court to consider a successive petition only if petitioner makes the *prima facie* showing described above.  *Id.*

The subsequent petition must relate to the same conviction or sentence under attack in the prior petition to be "successive" within the meaning of the statute.  *See In re Page,* 179 F.3d 1024, 1025 (7th Cir. 1999) (and cases cited therein).  However, not all subsequent petitions relating to the same conviction or sentence are considered successive.  *See Stewart v. Martinez-Villareal,* 523 U.S. 637 (1998).  Otherwise, "a dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review."  *Id.* at 645.

Courts have held that a later petition is not successive where the first petition was dismissed as premature, *see id.*; the first petition was dismissed without prejudice for failure to exhaust state court remedies, *see Slack v. McDaniel,* 529 U.S. 473, 485-86 (2000); *Carlson v. Pitcher,* 137 F.3d 416 (6th Cir. 1998); the second petition was filed after a remedial appeal ordered in response to the prior petition, *see Storey v. Vasbinder*, 657 F.3d 372, 377-78 (6th Cir. 2011); or the first petition was dismissed because petitioner failed to either pay the filing fee or provide proper support for his application for pauper status, *see Stewart,* 523 U.S. at 645 (citing *Marsh v. United States Dist. Court for the N. Dist. of California,* No. C-94-0581-VRW, 1995 WL 23942 (N.D. Cal. Jan. 9, 1995)).  In all of those contexts, the district court had jurisdiction to

6

consider the subsequent petitions without first obtaining authorization from the court of appeals, because the prior dispositions were not "on the merits." *See Slack,* 529 U.S. at 485-86; *Carlson,* 137 F.3d at 419; *Camarano v. Irvin,* 98 F.3d 44, 46-47 (2nd Cir. 1996); *cf. Storey,* 657 F.3d at 377-78 (where initial petition involved disposition of only one constitutional claim—*i.e.,* whether the petitioner was entitled to a new direct appeal).

In contrast, when a prior petition is dismissed because the petitioner procedurally defaulted his claims in state court, the dismissal is considered "on the merits." In such a case, the prisoner must obtain authorization from the court of appeals pursuant to § 2244(b)(3) before filing a subsequent federal habeas application. *In re Cook,* 215 F.3d 606, 608 (6th Cir. 2000); *Carter v. United States,* 150 F.3d 202, 205-06 (2nd Cir. 1998). Similarly, when the prior petition is dismissed on the ground that it is barred by the statute of limitations, the dismissal is an adjudication of the merits of the claims, and petitioner must obtain prior authorization from the court of appeals entitling him to file a subsequent petition for habeas corpus relief. *See, e.g., McNabb v. Yates,* 576 F.3d 1028, 1030 (9th Cir. 2009); *Murray v. Greiner,* 394 F.3d 78, 81 (2nd Cir. 2005); *Altman v. Benik,* 337 F.3d 764, 766 (7th Cir. 2003); *Staffney v. Booker,* No. 2:09cv14553, 2009 WL 4506425, at *1 (E.D. Mich. Nov. 25, 2009) (transferring the petition to the Sixth Circuit as a successive petition).[2]

The Supreme Court has held that a habeas corpus petition is not successive and, therefore, § 2244(b) does not apply when it is the first application challenging a new judgment, such as a new sentence imposed on resentencing, that occurs between habeas proceedings. *See*

---

[2] *Contrast Gonzalez v. Crosby,* 545 U.S. 524, 535-36 (2005) (a motion for relief from judgment under Fed. R. Civ. P. 60(b), which "challenges only the District Court's previous ruling on the AEDPA statute of limitations, ... is not the equivalent of a successive habeas petition").

*Magwood v. Patterson*, 561 U.S. 320, 331-39 (2010).  The *Magwood* Court expressly declined to address whether the habeas petitioner is allowed to challenge "not only his resulting, *new* sentence, but also his original, *undisturbed* conviction" in the subsequent application.  *Id.* at 342 (emphasis in original).  In finding that the question was not before the Court because the petitioner had "not attempted to challenge his underlying conviction," the *Magwood* Court noted that "[s]everal Courts of Appeal have held that a petitioner who succeeds on a first habeas application and is resentenced may challenge only the 'portion of a judgment that arose as a result of a previous successful action.'"  *Id.* & n.16 (quoting *Lang v. United States*, 474 F.3d 348, 351 (6th Cir. 2007), and citing Seventh and Second Circuit decisions).

In the immediate aftermath of *Magwood*, the lower district courts in Ohio relied on the Sixth Circuit's *Lang* decision, as well as other circuit court precedents, to hold that *Magwood* applies to permit review of a subsequent petition only to the extent that the later petition addresses an issue that originated in the intervening proceeding.  *See, e.g.*, *Ocampo v. United States*, No. 06-20172, 2014 WL 859841, at *3 (E.D. Mich. Mar. 5, 2014) (citing *Lang* and *Ajan v. United States*, 731 F.3d 629 (6th Cir. 2013)), *appeal dismissed*, No. 14-1335 (6th Cir. Apr. 21, 2014); *see also Carnail v. Bradshaw*, No. 1:12cv1042, 2015 WL 235849, at *10-11 (N.D. Ohio Jan. 16, 2015); *Barclay v. Tibbles*, No. 5:13cv124, 2014 WL 809197, at *5, *10 (N.D. Ohio Feb. 28, 2014); *Banks v. Bunting*, No. 5:13cv1472, 2013 WL 6579036, at *1, *5-7 (N.D. Ohio Dec. 13, 2013); *Myers v. Coleman*, No. 2:12cv975, 2013 WL 3984282, at *4-6 (S.D. Ohio Aug. 1, 2013) (Abel, M.J.) (Report & Recommendation), *adopted as modified on other grounds*, 2013 WL 5441755, at *3-4 (S.D. Ohio Sept. 27, 2013) (Frost, J.); *Ellison v. Timmerman-Cooper*, No. 1:10cv595, 2011 WL 7946038, at *2 (S.D. Ohio Sept. 20, 2011) (Merz, M.J.) (Report &

Recommendation), *adopted*, 2012 WL 1898629 (S.D. Ohio May 23, 2012) (Spiegel, J.). However, the Sixth Circuit has recently held in contradiction to those lower court decisions that "a new judgment" entered following an intervening proceeding, such as resentencing, "permits the inmate to challenge the original conviction," as well as the intervening new judgment, "without clearing the second-or-successive hurdles." *King v. Morgan*, 807 F.3d 154, 159 (6th Cir. 2015), *reversing*, No. 1:12cv2000, 2013 WL 5531365 (N.D. Ohio Sept. 26, 2013).[3]

This case is distinguishable from *King* and *Magwood*. Here, it is clear from the face of the instant petition that petitioner is attacking the same conviction and prison sentence that he challenged in his prior federal habeas petition and that has remained in effect since final judgment was entered in the underlying state criminal proceeding in December 1997. It is also clear that no "new judgment" has been entered by the state courts in any intervening proceeding that has occurred after the adjudication of petitioner's prior habeas petition. In contrast to *King* and *Magwood*, which involved the *granting* of a resentencing hearing and imposition of a new sentence that occurred between habeas proceedings, petitioner's "Motion To Correct Sentence" filed in 2013 to raise a new ineffective-assistance-of-trial-counsel claim was *denied*. Indeed, the Ohio Court of Appeals, which was the last state court to issue a reasoned decision affirming the trial court's judgment in the post-conviction matter, modified the trial court's denial of

---

[3] It is noted that in an unpublished decision filed after *King*, the Sixth Circuit pointed out that *King* "did not exclude the possibility that minor amendments to a judgment, such as those that correct clerical or technical errors while leaving a petitioner's conviction and sentence intact, may not create a new 'judgment' within the meaning of *Magwood*." *Askew v. Bradshaw*, __ F. App'x __, No. 13-4147, 2016 WL 384829, at *6 (6th Cir. Feb. 2, 2016). In so emphasizing, the court stated: "Indeed, in *In re Mackey*, No. 13-3072 (6th Cir. June 26, 2014), we held in an unpublished order that an Ohio court's reopening of a petitioner's sentence merely to enter post-release conditions of control was a simple 'correct[ion] [of] a technical error' that did not save the petitioner's subsequent second-in-time habeas application from the requirements of 28 U.S.C. § 2244(b)." *Askew, supra*, 2016 WL 384829, at *6.

petitioner's motion to a dismissal of the motion on the ground that the trial court lacked

jurisdiction to even entertain it.  Therefore, this case does not involve any intervening "new

judgment" that falls within the exception recognized in *King* and *Magwood* for bypassing the

requirements governing second or successive petitions that is set forth in 28 U.S.C. § 2244(b).

　　Accordingly, the undersigned concludes that petitioner's *pro se* petition for a writ of

habeas corpus is "successive" within the meaning of § 2244(b) because petitioner's prior habeas

petition was adjudicated on the merits and petitioner is not contesting any "new judgment" in

this proceeding.  Moreover, to the extent that petitioner has posited a new claim for relief in the

instant petition, which was not asserted in his prior habeas petition, the claim is successive under

28 U.S.C. § 2244(b)(2) because petitioner has not shown it relies on a new rule of constitutional

law, made retroactive to cases on collateral review by the United States Supreme Court, that was

previously unavailable, or that the factual basis for the claim could not have been discovered

previously through the exercise of due diligence.

　　Accordingly, in sum, because the instant habeas corpus petition is successive within the

meaning of 28 U.S.C. § 2244(b), this Court lacks jurisdiction to consider it in the absence of

prior authorization by the Sixth Circuit.  When a prisoner has filed a successive petition for

habeas corpus relief in the district court without first obtaining authorization from the Court of

Appeals, the district court in the interest of justice pursuant to 28 U.S.C. § 1631 is required to

transfer the case to the Sixth Circuit for consideration as required under § 2244(b)(3).  *See In re*

*Sims,* 111 F.3d 45, 47 (6th Cir. 1997) (citing *Liriano v. United States,* 95 F.3d 119, 122 (2nd Cir.

1996)); *see also Withers v. Warden, Chillicothe Corr. Inst.*, No. 2:15cv129, 2015 WL 965674, at

*2-3 (S.D. Ohio Mar. 4, 2015) (Kemp, M.J.), *adopted*, 2015 WL 1212556 (S.D. Ohio Mar. 16,

2015) (Economus, J.).  Therefore, respondent's motion to transfer the instant petition to the Sixth

Circuit for review and determination whether the district court should be granted authorization to

entertain it (Doc. 5) should be **GRANTED**.

**IT IS THEREFORE RECOMMENDED THAT:**

Because this Court lacks jurisdiction in this matter involving a successive habeas petition

within the meaning of 28 U.S.C. § 2244(b), respondent's motion to transfer the petition to the

United States Court of Appeals for the Sixth Circuit (Doc. 5) be **GRANTED**.

s/Stephanie K. Bowman
Stephanie K. Bowman
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

DAVID NETHERLAND,                           Case No. 1:15-cv-669
     Petitioner,

     vs                                    Barrett, J.
                                            Bowman, M.J.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,
     Respondent.


## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc

12